ACCEPTED
03-14-00629-CV
4840513
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/10/2015 10:57:28 AM
JEFFREY D. KYLE
CLERK

**No. 03-14-00629-CV**

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT
AT AUSTIN, TEXAS

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
4/10/2015 10:57:28 AM
JEFFREY D. KYLE
Clerk

LOS FRESNOS CONSOLIDATED INDEPENDENT SCHOOL DISTRICT AND
MICHAEL L. WILLIAMS, THE STATE COMMISSIONER OF EDUCATION,
*Appellants*,

*v.*

JORGE VAZQUEZ,
*Appellee.*

*AMICUS CURIAE* BRIEF OF THE
TEXAS AMERICAN FEDERATION OF TEACHERS

DEATS DURST & OWEN, P.L.L.C.
1204 San Antonio Street, Suite 203
Austin, Texas 78701
(512) 474-6200
(512) 474-7896 (FAX)
Martha P. Owen
State Bar No. 15369800
mowen@ddollaw.com
Matt Bachop
State Bar No. 24055127
mbachop@ddollaw.com

COUNSEL FOR *AMICUS CURIAE* TEXAS
AMERICAN FEDERATION OF TEACHERS

# TABLE OF CONTENTS

Table of Contents ............................................................................................... i

Index of Authorities .......................................................................................... ii

Statement of Interest of *Amicus Curiae* ........................................................1

Issue Presented ..................................................................................................2

Summary of Argument .....................................................................................2

Argument & Authorities ...................................................................................2

I.    Hearsay cannot be admitted in a non-renewal hearing unless an exception applies. ...............................................................................................................3

II.   There is no evidence that any possible hearsay exception was met in this case. 4

  A.    A brief word about which hearsay exceptions apply to non-renewal hearings. ...........................................................................................................4

  B.    Even if the Court accepts the Commissioner's argument about which exceptions apply, no evidence was presented to support the argument that the written statements in this case met any possible exception. ................................6

    1.   The Commissioner's arguments. ..............................................................7

    2.   The District's arguments. .........................................................................9

  C.    This case does not raise the difficult issues. ...........................................10

Conclusion & Prayer .......................................................................................11

Certificate of Compliance ...............................................................................12

Certificate of Service ......................................................................................13

# INDEX OF AUTHORITIES

**Cases**

*Crawford v. Washington*, 541 U.S. 36 (2004) ...........................................................4

*Lewis v. Southmore Sav. Ass'n*, 480 S.W.2d 180 (Tex. 1972). .................... 3, 4, 5, 6

*US v. McCormick*, 54 F. 3d 214, 221 (5th Cir. 1995)................................................4

**Statutes**

TEX. EDUC. CODE § 21.207 ......................................................................................4, 9

TEX. GOV'T CODE § 2001.081....................................................................... 5, 6, 7, 11

**Rules**

TEX. R. EVID. 703.......................................................................................................5

TEX. R. EVID. 705.......................................................................................................5

TEX. R. EVID. 803.......................................................................................................5

## STATEMENT OF INTEREST OF *AMICUS CURIAE*

The Texas American Federation of Teachers ("Texas AFT") is a statewide organization representing teachers, paraprofessionals, and other public school employees working in school districts across Texas. Texas AFT has over 65,000 members. It is affiliated with the American Federation of Teachers, a national organization with over 1.6 million members. Texas AFT is dedicated to advocating for the economic, social, and professional interests of its members. It strives to protect and expand the legal rights of public school employees in the Texas. Texas AFT advocates quality education for students, and dignity for those who provide it.

This case presents issues of direct concern and consequence to the members of Texas AFT. The issue in this case—whether a teacher's contract can be non-renewed solely on the basis of hearsay statements, without any showing that the school district even asked the witnesses to testify live, much less a showing that obtaining that live testimony would be difficult or impossible—is of profound importance to Texas AFT's members.

Texas AFT submits this amicus brief in support of the district court's September 3, 2014 judgment reversing the decision of the Commissioner of Education. The district court correctly concluded that there is not a shred of record evidence supporting the Commissioner's ruling that the hearsay statements that

1

were the sole basis for the non-renewal of Mr. Vazquez's contract were "necessary to ascertain facts not reasonably susceptible of proof" by live testimony.

## ISSUE PRESENTED

Can hearsay statements form the sole basis for non-renewal of a teacher's term contract in the absence of any evidence indicating the witnesses were not reasonably available to provide live testimony?

## SUMMARY OF ARGUMENT

The district court's narrow, fact-specific ruling in this case was that regardless of the evidentiary rules that apply to a non-renewal hearing, the only basis for the non-renewal of Mr. Vazquez's contract was hearsay that did not come close to falling within any possible exception. The evidentiary record in this case requires affirmance of that ruling.

## ARGUMENT & AUTHORITIES

The Court need not decide many of the weighty issues raised by the parties and by the Texas Association of School Boards in the briefing. The Court does not need to rule on what evidentiary rules apply to teacher non-renewal hearings or whether students' written statements can ever be properly admitted in such hearings. Nor does the Court have to determine how to deal with students who are unable to testify, who do not want to testify, whose parents do not want them to testify, or who might be harmed by testifying.

2

The only issue the Court needs to decide is whether a non-renewal decision can stand when it is supported solely by hearsay student statements, when the record contains no indication that the students were unable or unwilling to testify or that the students' parents expressed concerns about their testifying, and when there is testimony from the school principal that there was no concern about the potential of psychological trauma in connection with possible student testimony. For the reasons that follow, the trial court correctly ruled that such a decision must be reversed.

## I. Hearsay cannot be admitted in a non-renewal hearing unless an exception applies.

There can be no serious argument that hearsay can be admitted without restriction in a non-renewal hearing. Though the school district in this case takes that position (ISD's Brief at 40–51), the Commissioner does not support it, and the relevant case law and statute do not either. As the Commissioner acknowledges, even before there were "Texas Rules of Evidence," the Texas Supreme Court made clear that "[i]n Texas the hearsay rule applies in administrative hearings just as it does in court. And it is a rule that forbids the reception of evidence rather than one that merely goes to the weight of the evidence." *Lewis v. Southmore Sav. Ass'n*, 480 S.W.2d 180, 186 (Tex. 1972).

This prohibition on the introduction of hearsay is confirmed in the Education Code, which provides that at a non-renewal hearing, a teacher has the right to

3

"cross-examine adverse witnesses." TEX. EDUC. CODE § 21.207(c)(3). The ISD's assertion that this right has nothing to do with the introduction of hearsay (ISD's Brief at 54–57) is disingenuous and is not supported by the Commissioner. Courts have repeatedly held that the right to cross-examine adverse witnesses does restrict the admission of hearsay. *See, e.g.*, *Crawford v. Washington*, 541 U.S. 36 (2004) (holding that the Sixth Amendment right to cross-examine adverse witnesses restricts the admission of hearsay); *US v. McCormick*, 54 F. 3d 214, 221 (5th Cir. 1995) (holding that the Fifth Amendment right to cross-examine adverse witnesses restricts the admission of hearsay).

It is undisputed that the student statements at issue in this case are hearsay, and thus they could be properly considered only if they fall within an exception to the rule against admission of hearsay.

## II. There is no evidence that any possible hearsay exception was met in this case.

### A. A brief word about which hearsay exceptions apply to non-renewal hearings.

As a preliminary matter, the ISD and the Commissioner make far too much out of the Texas Supreme Court's reference to "the liberal exceptions to the rule [against hearsay]" that apply in administrative hearings. *Lewis v. Southmore Sav. Ass'n*, 480 S.W.2d 180, 186 (Tex. 1972). They conveniently ignore the fact that the Court is describing the exceptions that exist under law and not creating a new,

4

broad, open-ended category for hearsay exceptions in administrative cases. The examples of those "liberal exceptions" that the Court gives were all established in the Texas common law of evidence at the time of the decision, and have now been codified in the Texas Rules of Evidence. *Id.* at 186–87 (discussing the hearsay exception for market reports, which is now codified at TEX. R. EVID. 803(17), and the hearsay exception for information reasonably relied on by an expert, which is now codified at TEX. R. EVID. 703, 705(a)). Accordingly, as the Court held, the "liberal exceptions" allowing the admission of hearsay in administrative hearings are the ones that apply in court. *Id.*

This rule has been modified by statute for contested cases in front of state agencies under the Administrative Procedure Act ("APA"). TEX. GOV'T CODE § 2001.081. Section 2001.081 provides that for contested cases under the APA, "evidence inadmissible under [the Texas Rules of Evidence] may be admitted if the evidence" meets three criteria set out in the statute. *Id.* Although the Commissioner concedes that "the APA does not directly apply to nonrenewal hearings" (Commissioner's Brief at 21), he nonetheless urges that section 2001.081's standards should be applied to non-renewal hearings because they represent a codification of the "liberal exceptions" to the rule against hearsay that the Supreme Court referred to in *Lewis v. Southmore Savings Association*. (Commissioner's Brief at 21.)

5

This argument defies logic. The *Lewis* Court ruled that the only hearsay exceptions that apply in administrative hearings are those that apply in court. 480 S.W.2d at 186. Section 2001.081 explicitly adds exceptions for certain hearings—not including non-renewal hearings in front of school boards—that are not available in court. TEX. GOV'T CODE § 2001.081. As such, section 2001.081 is a modification of *Lewis*'s holding, not a codification. Accordingly, there is no basis to apply its standards to a non-renewal hearing. Indeed, neither the Commissioner nor the District has identified a single other instance in which section 2001.081 has been applied by the Commissioner in a non-renewal case. Instead, undercutting his own reasoning, the Commissioner cites many of his own non-renewal decisions in which hearsay was excluded when none of the exceptions in the Texas Rules of Evidence was met. (Commissioner's Brief at 29.)

> **B.** **Even if the Court accepts the Commissioner's argument about which exceptions apply, no evidence was presented to support the argument that the written statements in this case met any possible exception.**

Nonetheless, even if section 2001.081 did apply to the hearing in this case, there is no record evidence indicating that its requirements were met, as the trial court correctly concluded. Specifically, section 2001.081 only allows the admission of evidence "necessary to ascertain facts not reasonably susceptible of proof under" the Texas Rules of Evidence. TEX. GOV'T CODE § 2001.081. The district court ruled that the only record evidence on this issue indicated that the

6

alleged facts contained in the hearsay statements **were** reasonably susceptible of proof by live testimony. (C.R. 152.) The trial court pointed to testimony by the school's principal—which was the only evidence on this issue—in which he said that he did not have any concern that it would have been difficult for the student witnesses to provide live testimony. (C.R. 152–153.)

Neither the ISD nor the Commissioner has cited any evidence supporting the assertion that the student statements in this case were necessary to ascertain facts not reasonably susceptible of proof under the rules of evidence.

### 1. The Commissioner's arguments.

The Commissioner makes five assertions on the "reasonably susceptible" issue. First, the Commissioner argues that "because the District could not subpoena the students, the Board could not ensure the students' appearance at the hearing." (Commissioner's Brief at 23.) Notably, the Commissioner cites no evidence that the District even asked any of the students to appear at the hearing, much less that the District had any difficulty obtaining voluntary attendance.

Second, the Commissioner urges that "it was unlikely that [the students'] parents would allow them to testify and face a teacher who had embarrassed and belittled them." (Commissioner's Brief at 23.) Again, the Commissioner cites no evidence about what the parents actually thought, or even any speculation from an

7

administrator about what the parents might have thought. As such, this argument is simply unsupported conjecture.

Third, the Commissioner asserts that "the short length of time for a nonrenewal hearing" supports the conclusion that the alleged facts in the hearsay statements were not reasonably susceptible of proof by live testimony. (Commissioner's Brief at 23.) Again, there is no citation to the record, which reveals that the hearing in this case lasted at least three hours, with four live witnesses and 42 exhibits. There is no evidence bearing out the Commissioner's implicit assertion that the students would not have been permitted to testify because of time considerations.

Fourth, the Commissioner contends that the "Board's possible reluctance to subject students to further public humiliation" supports the argument that the students' live testimony could not reasonably be presented. (Commissioner's Brief at 23.) The Commissioner is dissembling: the hearing in this case was closed to the public, as are all such hearings, unless the teacher requests an open hearing. *See* TEX. EDUC. CODE § 21.207(a). There is no evidence that possible "public humiliation" was even considered by this Board, much less that it motivated its actions. Accordingly, the Commissioner's speculation does not provide grounds for the introduction of the hearsay statements.

Fifth, the Commissioner relies on the Superintendent's opinion that it would have been "highly inappropriate" for students to testify under oath about the same issues that they voluntarily discussed with District administration during the investigation and that they gave written statements about. (Commissioner's Brief at 23–24.) Of course, the Superintendent's views about what is "appropriate" have nothing whatsoever to do with whether the students' live testimony was reasonably available.

## 2.    The District's arguments.

The District makes two arguments on the "reasonably susceptible" issue, which overlap with the Commissioner's arguments and are similarly unpersuasive. First, the District urges that "that the District lacked subpoena power to compel [the students'] attendance." (ISD's Brief at 52–53.) As mentioned above, that fact has little bearing in the absence of evidence that the District made any effort to secure the students' voluntary attendance. No such evidence is contained in this record.

Second, the District contends that "policy considerations of not forcing minor children to testify against a teacher and be cross-examined dictate against making their live testimony required." (ISD's Brief at 53.) Again, this argument ignores the fact that forcing a witness to attend a hearing is not the only avenue to obtain testimony from a witness. Without evidence that some effort was made to

obtain testimony on a voluntary basis, this contention does nothing to establish that the students' testimony was not reasonably available.

None of the Commissioner's or the ISD's arguments provides any support for reversing the trial court's decision that the hearsay student statements that provided the sole basis for the non-renewal of Mr. Vazquez's contract were not necessary to ascertain facts not reasonably susceptible of proof by live testimony.

## C.     *This case does not raise the difficult issues.*

This would be a more difficult case for the Court if the record contained evidence that the students were unable, unwilling, or hesitant to testify, or that the students' parents had concerns about their testifying or forbid it, or that there was some danger of trauma to the students if they testified live. If that evidence existed, then the Court would have to determine whether TEX. GOV'T CODE § 2001.081 applies to a non-renewal hearing, and if the Court determined that it does, the Court would have to analyze the boundaries of what it means for facts to be "reasonably susceptible of proof" by live testimony.[1]

Because there is no such evidence in this case, the Court need not wrestle with those issues. Even if section 2001.081 applies to a non-renewal hearing, and

---

[1] If the APA contested case provisions were found to govern non-renewal proceedings, it should be noted that those provisions specifically address and limit the admission of hearsay statements of children in child abuse cases. TEX. GOV'T CODE § 2001.122. Even if the teacher's alleged conduct could be considered abuse, which *amicus curiae* disputes, the APA would not allow the admission of the hearsay statements of the students in this case because, among other reasons, the students were not 12 years of age or younger. § 2001.122(a)(1).

10

even if "reasonably susceptible" is given the interpretation most favorable to the Commissioner and the District, there is nothing in the record supporting the Commissioner's exclusive reliance on hearsay in upholding the non-renewal of Mr. Vazquez's contract.

As the district court correctly concluded,

It is truly unfortunate that the school district chose to conduct this hearing without calling a single witness to provide non-hearsay testimony about the salient facts, and without providing an adequate explanation or excuse for their failure to do so. In making this choice, the school district left the Commissioner, and this Court, without substantial evidence to support its decision. Accordingly, the Court must now reverse.

(C.R. 153.)

## CONCLUSION & PRAYER

Texas law does not allow hearsay statements to form the sole basis for the non-renewal of a teacher's term contract in the absence of any evidence indicating that live testimony from those witnesses was not reasonably available. Accordingly, Texas AFT respectfully prays that the Court affirm the trial court's ruling in its entirety.

*Respectfully submitted,*

DEATS DURST & OWEN, P.L.L.C.
1204 San Antonio Street, Suite 203
Austin, Texas 78701
(512) 474-6200
(512) 474-7896 (Fax)

*/s/ Matt Bachop*
Martha Owen
State Bar No. 15369800
mowen@ddollaw.com
Matt Bachop
State Bar No. 24055127
mbachop@ddollaw.com

COUNSEL FOR APPELLEES

## CERTIFICATE OF COMPLIANCE

I hereby certify that this *Amicus Curiae* Brief complies with the requirements of the Texas Rules of Appellate Procedure:

1.     The brief contains 3,050 words.

2.     The brief complies with the briefing rules for parties.

3.     The brief is being tendered on behalf of the Appellee.

4.     The source of any fees paid or to be paid for the preparation of this brief is the Texas Federation of Teachers.

5.     Copies of this brief have been served on all parties.

/s/ Matt Bachop
Matt Bachop

12

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been sent to counsel for all parties on this 10th day of April, 2015, by electronic service, to:

Mark W. Robinett
BRIM, ARNETT & ROBINETT, P.C.
2525 Wallingwood Drive
Building 14
Austin, Texas 78746
mrobinett@brimarnett.com
Facsimile: (512) 328-4814

Stacy T. Castillo
D. Craig Wood
Elizabeth G. Neally
WALSH, ANDERSON, GALLEGOS, GREEN & TREVINO, P.C.
100 NE Loop 410, Suite 900
San Antonio, Texas 78216
scastillo@wabsa.com
cwood@wabsa.com
eneally@wabsa.com
Facsimile: (210) 979-7024

Jennifer L. Hopgood
OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
jennifer.hopgood@texasattorneygeneral.gov

Clay T. Grover
Caitlin H. Sewell
ROGERS, MORRIS & GROVER, L.L.P.
5718 Westheimer, Ste. 1200
Houston, Texas 77057
cgrover@rmgllp.com
csewell@rmgllp.com
Facsimile: (713) 960-6025

*/s/ Matt Bachop*
Matt Bachop